6 U.S. 272
 2 Cranch 272
 2 L.Ed. 276
 OGDEN, administrator of CORNELL
v.
BLACKLEDGE, executor of SALTER.
 February Term, 1804
 
 THIS case came before the court on a certificate of a division of the judges of the circuit court of the district of North Carolina.
 The certificate set forth:
 'United States of America, North Carolina district.
 'At a circuit court of the United States, begun and held at Raleigh for the district of North Carolina, on Wednesday the twenty-ninth of December, in the year of our Lord, one thousand eight hundred and two, and in the twenty-seventh year of American independence.
 'Present, the honourable John Marshall and Henry Potter, esquires.
 'Robert Ogden, administrator de bonis non with the will annexed of Samuel Cornell v. Richard Blackledge, executor of Robert Salter deceased.
 'State of the pleadings.
 'This is an action of debt upon a bond given by the defendant's testator, to the testator of the plaintiff, on the second day of March 1775.
 'The defendant, among other pleas, pleads in bar an act of the general assembly of the state of North Carolina, passed in the year 1715, entitled, 'an act concerning proving wills and granting letters of administration; and to prevent frauds in the management of intestate estates;' the ninth section of which is in the following words:
 'And be it further enacted, that creditors of any persons deceased, shall make their claim within seven years after the death of said debtor, otherwise such creditor shall be for ever barred.
 'To which plea the plaintiff replies, in substance, that the plaintiff's testator was, at his death, a British subject, and the debt within the true intent and operation of the fourth article of the treaty of peace concluded between the King of Great Britain and the United States.
 'To this replication the defendant demurs, and the plaintiff joins in demurrer.
 'This case coming on to be argued at this term, it occurred as a question, whether the act of assembly, recited in the plea of the defendant, was, under all the circumstances stated, and the various acts passed by the legislature of North Carolina, a bar in this action.
 'On which question, the opinions of the judges were opposed.
 'Whereupon, on a motion of the plaintiff, by his counsel, that the point on which the disagreement hath happened may, during the term, be stated under the direction of the judges, and certified under the seal of the court, to be supreme court, to be finally decided,
 'It is ordered, that the foregoing state of the pleadings and the following statement of facts, which is made under the direction of judges, be certified, according to the request of the plaintiff by his counsel, and the law in that case made and provided; to wit,
 '1. That Samuel Cornell, the plaintiff's testator, was, and till his death continued to be, a subject of the king of Great Britain; and the defendant's testator was, and till his death continued to be, a citizen or North Carolina.
 '2. That the defendant's testator died in the year one thousand seven hundred and eighty; and the defendant in the same year was qualified as executor.
 '3. That the plaintiff sued out his writ in this suit on the fifth day of October, in the year of our Lord one thousand seven hundred and ninety-eight.'
 The question in the case was, whether the plaintiff was barred of his action by the ninth section of the act of the assembly of North Carolina, passed in 1715.
 The laws of the state of North Carolina, which operated on the question, certified by the circuit court, were:——
 An act passed in April 1784, entitled, a supplemental act to an act entitled an act for proving of wills, and granting administration, and to prevent frauds in the management of intestates' estates: '1. Whereas it is enacted in the ninth section of the said act, 'that creditors of any person deceased shall make their claims in seven years after the death of such debtor, otherwise such creditor shall be for ever barred; and if it shall happen that any sum or sums of money, shall hereafter remain in the hands of any administrator after the term of seven years shall be expired, and not recovered by any of kin to the deceased, or by any creditor in that time, the same shall be paid to the church wardens and vestry, to and for the use of the parish, where the said money shall remain.' And as there are no church wardens and vestry to make claim in such cases,
 '2. Be it therefore enacted, &c. that as soon as an administrator shall have finished his administration on such estates, and no creditor shall make any further demand, the residue of such estate shall be deposited in the treasury, and there remain without interest, subject to the claim of creditors and the lawful representatives of such decedent, without being subject to limitation or time.
 '3. And be it further enacted, &c. that the treasurer is hereby authorized and empowered, in all such cases, to demand payment of such administrator, and on refusal or delay, to give notice of thirty days to appear and show cause why he refuses or delays payment, and on non-appearance to enter up judgment and thereon proceed to execution for the purposes aforesaid.'
 An act passed in 1789, entitled, an act to amend an act entitled an act concerning providing of wills and granting letters of administration, and to prevent frauds in the management of intestates' estates:
 '4. And be it further enacted, &c. that the creditors of any person or persons deceased, if he or they reside within this state, shall, within two years, and if they reside without the limits of this state shall within three years from the qualification of the executors or administrators, exhibit and make demand of their respective accounts, debts and claims of every kind whatever, to such executors or administrators; and if any creditor or creditors shall hereafter fail to demand and bring suit for the recovery of his, her or their debt as above specified, within the aforesaid time limited, he, she or they shall be for ever debarred from the recovery of his, her or their debt in any court of law or equity, or before any justice of peace within this state.'
 There is a saving to infants, persons non compos, and femes coverts, and a proviso that the delay shall not be a bar, if it is at the special request of the defendant.
 '6. And be it further enacted, that all laws and parts of laws that come within the purview and meaning of this act, are hereby declared void and of no effect.'
 And, an act to explain an act passed in one thousand seven hundred and eighty-nine, entitled an act to amend an act concerning proving of wills and granting letters of administration, and to prevent frauds in the management of intestates' estates, passed in one thousand seven hundred and fifteen, and for other purposes:
 'Whereas doubts have been entertained whether that part of the ninth section of the said act, passed in one thousand seven hundred and fifteen, which requires the creditors of any person deceased, to make their claims within seven years after the decease of such debtor, or be for ever barred, is or is not repealed by the said act, passed in one thousand seven hundred and eighty-nine:
 '1. Be it enacted, &c. that the said act passed in the year one thousand seven hundred and eighty-nine, shall not be considered as a repeal of that part of the ninth section of the act passed in the year one thousand seven hundred and fifteen aforesaid; but that the same shall be deemed, held and taken to be in full force.' Also, an act for establishing courts of law and for regulating the proceedings therein:
 '101. Provided, that no person who hath taken, or shall take, part with the enemies of America, or who hath or shall refuse, when lawfully required thereto, to take the oath of allegiance and abjuration required by the laws of this state, or who hath or shall remove from this state, or any of the United States, to avoid giving their assistance in repelling the invasions of the common enemy, or who hath or shall reside, or be, under the dominion of the enemies of America, other than such as are detained as prisoners of war, nor any person claiming by assignment, representation or otherwise, by or under any such person, shall have or receive any benefit of this act; but all right of commencing and prosecuting any suit or suits, action or actions, real, personal or mixed, shall be, and is hereby suspended, and shall remain suspended until the legislature shall make further provision relative thereto.' Also, an act declaring the treaty of peace between the United States of America and the King of Great Britain, to be part of the law of the land.
 '1. Be it enacted, &c. that the articles of the definitive treaty between the United States of America and the King of Great Britain, are hereby declared to be part of the law of the land.
 '11. And be it further enacted, &c. that the courts of law and equity are hereby declared in all causes and questions cognizable by them respecting the said treaty to judge accordingly.' Justice CUSHING delivered the opinion of the court.
 
 
 1
 This court having considered the question, whether the act of assembly recited in the plea of the defendant was, under all the circumstances stated and the various acts passed by the legislature of North Carolina, a bar in this action, which question, in consequence of an opposition in the opinion of the judges of the circuit court for the district of North Carolina, was certified to this court to be finally settled; is of opinion that the act of assembly recited in the said plea, is, under all the circumstances stated, no bar to the plaintiff's action, the same having been repealed by the act of 1789, ch. 23, at which time seven years had not elapsed from the final ratification of the treaty of peace between Great Britain and the United States, that being the period when the act of limitations began to run against debts due by citizens of the United States to British creditors.