### WHITE & AL. vs. BROWN & AL.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The question of law to be decided in this case

The act of the legislature which requires the sum promised to be paid, to be written in

West'n District,
*Aug.* 1824.

WHITE & AL.
*vs.*
BROWN & AL.

words at full
length, *does not*
affect notes
made before its
passage.

arises on an act of the legislature passed the 14th March, 1823, by the first section of which it is provided " that from and after the first day of April next, no bill of exchange, promissory note, bank note, draft, or check, shall be obligatory or admissible as evidence of a debt, unless the sum of money mentioned or specified therein to be due, or payable, be expressed in words at full length, whether the said bill of exchange, promissory note, bank note, draft or check has been made, drawn, stated, signed, and executed in or out of this state, unless when the said bill of exchange, promissory note, bank note, draft or check shall have been drawn, dated and signed out of this state, the party sueing thereon do prove that it is made and executed in due form according to the laws or usages of the country where it purports to have been executed."

This act was introductory of an entirely new principle. Neither the law merchant of the United States, nor that prevailing on the continent of Europe invalidated notes, drafts or bills of exchange, in which the parties had deemed it convenient to express their intention by figures, instead of words written at full length. See the case of *Nugent vs. Ro-*

*land*, 12 *Martin*, 659, and the authorities referred to in the case of *Debuys and Longer vs. Mollere. Vol* 2.

The note on which the action was commenced, having been executed nearly one year before the passage of the act of the legislature referred to, was consequently a legal and binding obligation on the maker, at the time he signed it.

It is now contended that by a statute passed eleven months after this agreement was entered into, according to the laws then existing, the contract has been made null and void.

If this position be true, no man can be safe in contracting, according to the laws of his country, at the time he makes a promise, a purchase, or a sale. To be secure in his rights to property, he must not only know what the law is, but what it will be.

It is unnecessary for us to say, whether the statute containing such a provision would not be contrary to the genius and spirit of a free government, and a violation of the constitution of the United States, and of this state. Whenever an act of the legislature is passed, clearly and unequivocally avoiding contracts entered into under pre-existing laws, its constitutional-

tity will be examined with the comity that is due to that branch of the government. But this act does not require us to do so. Its expressions leave the intention of the law maker doubtful. And a respect for the legislature, and an obedience to the known and fundamental rules of construction, forbid us to presume, they intended the statute should have a retrospective operation.

One of the first and safest rules in the interpretation of statutes is, that whenever the sense is doubtful they should be so construed as to further the ends of justice. 1 *Blackstone's comm.* 44.

It is another rule of construction, that laws are presumed to be passed in relation to these great and fundamental principles of legislation, which in all ages, and even in the most despotic countries, have been considered as fixing landmarks for the sovereign power. It is not to be believed that the representatives of a free people, in a period of perfect tranquility, intended to violate these principles, or that they were ignorant or forgetful of them. *Code,* 1, 14, 7. *Puffendorf droit de la nat. liv.* 1, *c.* 6, 86. *Domat. liv. prelim. tit.* 1, *sect.* 1, *art.* 15. *Code Nap.* 2, 6 *Bac. Abr.* 370, 2 *Cranch,* 272, 7 *Johnson,* 477.

We are convinced they were not; for had they entertained any such intention, they would not have left in full force that article of our code in which it is declared that *the law disposes of the future, it has no retrospective operation.* *C. Code,* 4, 7. It will not be pretended that the expressions of the act on which the point presented has arisen, are sufficiently clear and explicit, to repeal this provision. Considering it therefore, as in full force, we are under the necessity of reading the statute, and this article of the code together. And in doing so, we find, with the enactment that no note shall be obligatory unless the sum is expressed in words at full length, a provision that the law only regulates the future. It of course follows, this act does not provide for the past. We consider this statute under the general principle contained in our code, to require the same construction as if this general principle was contained in a proviso to the particular section.

The decision which we believe to be supported by the soundest principles, does justice between the parties litigating. The defendants seek to escape the payment of a just debt of nearly $500, because sixty cents of the same are expressed in figures. This attempt is

so shamefully unjust, that we regret that the doubt which may perhaps have existed in the mind of the counsel for the appellant on the true construction of this act, prevents us from affirming the judgment with ten per centum damages for the delay.

It is therefore ordered and adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Brownson* for the plaintiffs, *Baker* for the defendants.