THE STATE, JAMES BONNEY, PROSECUTOR, v. GEORGE REED, COLLECTOR OF BRIDGEWATER.

1. An act of the legislature legalizing the proceedings of a township meeting directing money to be borrowed to pay volunteers, and of a town committee imposing and assessing a tax to pay such loan, and which provides that no suit or proceeding shall be commenced or prosecuted to set aside any assessment that may have been made, is not an *ex post facto* law and is valid.

2. The act applies as well to proceedings commenced before its passage as to those commenced afterwards.

3. Costs will not be adjudged against a party who had commenced proceedings before the act was passed.

On *certiorari*.    In matter of taxation.

For the relator, *H. V. Speer.*

For defendant, *H. M. Gaston.*

HAINES, J.    The inhabitants of the township of Bridgewater, in the county of Somerset, at a special town meeting regularly called on the 31st day of August, 1863, unanimously resolved and voted that the township committee should be authorized to borrow money, from which, as a bounty fund, to pay the sum of three hundred dollars to each volunteer or drafted man accepted and mustered into the service of the United States and credited to the said township on the pending draft.

The sum of money so ordered to be borrowed was assessed, with the other taxes, upon the inhabitants and taxable property of the township, and the principal part of it collected by the township collector.

James Bonney, having been assessed for his proportion of this military fund, sued out a writ of *certiorari* on the fifth day of November, 1863, and now seeks to have the assessment set aside.

On the fourteenth March, 1864, the legislature passed an act declaring the acts and doings of the township committee and of the inhabitants of the township to raise the money by assessment and collection to repay the loan of said fund, to be valid in all respects and binding upon the inhabitants and taxable property of the township.    The act further provides that the collector of the township shall be, in all courts and places, deemed and adjudged to be empowered to collect the money so assessed in the manner prescribed for the collection of other taxes; and that no assessment made by reason of the bounty money shall be, for anything in the preamble or

act mentioned, set aside or annulled; and that no suit or proceeding shall be commenced or prosecuted to set aside any assessment so made.

It is insisted, on the part of the prosecutor, that this suit having been commenced before the passage of the act, is not affected by it; that to make it applicable to a suit previously commenced, would give to the act a retrospective construction and the character of an *ex post facto* law.

The constitution prohibits the passage of any *ex post facto* law or any law impairing the obligation of contracts. This prohibition, as to the *ex post facto* laws, applies only to laws of a penal and criminal nature, and there is no constitutional objection to the passage of a law that is retrospective, if it do not impair the obligation of any contract. But no act should receive a retrospective construction unless it is clearly so expressed or necessarily implied. 2 *Inst.* 292; 6 *Bacon Ab.* 370; 1 *Black. Com.* 44; *Couch qui tam* v. *Jeffries*, 4 *Burr.* 2460; *Ogden, Adm'r,* v. *Blackledge,* 2 *Cranch* 272; *Coddington* v. *Hudson County Dry Dock and Wet Dock Co.,* decided in the Court of Errors, November term, 1863.*

The power of taxation is derived exclusively from statutory provision. At the time of the action of the town meeting in this case, for the want of such provision, there was no power to assess and collect the money resolved to be raised. To supply the defect this healing act was passed and the proceedings of the township and its officers made valid. The act in its terms is quite comprehensive, and without a retrospective construction it clearly reaches this case. It declares that no assessment for bounty money shall be for any such reason set aside or annulled.

We are now asked, after the passage of this act and in the face of it, to set aside and annul this assessment. If the motion is granted it must be in violation of an act which, in terms, forbids it. But the act goes further, and provides that no suit or proceeding shall be commenced or prosecuted to set aside any assessment so made. Admitting that it does not embrace a writ of *certiorari* issued before its passage, it

* *Post* 477.

certainly does prohibit the further prosecution of it to set aside the assessment. The motion cannot be sustained.

A question here arises as to what judgment should be rendered. To affirm the assessment would subject the prosecutor to his own costs not only, but to those of the defendant as well—and that, too, on a proceeding which was lawful at the time of the allowance of the writ.

It is well settled that this court may, on its own mere motion, dismiss a *certiorari* which has been improvidently allowed, or which at any. time may appear to be one which should be no further prosecuted.

In accordance with this practice, I think the writ of *certiorari* and the proceedings under it should be dismissed, but without costs.

OGDEN and VREDENBURGH, Justices, concurred.