Clem Lyons, Stephen Dittlinger, San Antonio, for appellant.

Bruce L. Goldston, Trueheart, McMillian, Westbrook & Hoffman, San Antonio, for appellee.

**Sadia BLOOM, Appellant,**

v.

**Dwight M. BLOOM, Appellee.**

**No. 1356.**

Court of Civil Appeals of Texas, Tyler.

July 24, 1980.

MOORE, Justice.

This is a suit for partition of military retirement benefits after a divorce. Appellant, Sadia Bloom, brought suit against her former husband Dwight M. Bloom, claiming that she was entitled to one half of her former husband's military retirement benefits which she alleged were not divided in their previous divorce. Mr. Bloom filed a general denial and also pleaded various affirmative defenses, including res judicata. After trial before the court without a jury, the trial court entered a take–nothing judgment against Mrs. Bloom. In findings of fact and conclusions of law, the trial court found that Mrs. Bloom's cause of action was barred by the doctrine of res judicata because the former divorce decree awarded Mr. Bloom his military retirement benefits as his separate property. Mrs. Bloom has perfected this appeal.

We affirm.

Dwight and Sadia Bloom were married shortly after he began his military service in December 1953. In September 1971 Mrs. Bloom filed suit for divorce in San Antonio, Texas, against Mr. Bloom. In March 1972

he filed an answer and a cross–action for divorce. Mrs. Bloom later took a nonsuit on her petition for divorce. The parties proceeded to trial on Mr. Bloom's cross–action, but the trial court denied the divorce. Mrs. Bloom then reinstated her original petition for divorce. In the reinstated petition, she prayed that the trial court award her "such interest from the retirement benefits built up by Respondent [Mr. Bloom] in the United States Air Force in accordance with the time that she had been married to Respondent . . . ." The trial court entered a decree granting the divorce on June 2, 1972. The trial court divided the community property in the following manner. Mrs. Bloom was awarded the house with the outstanding indebtedness thereon, the household furniture, an automobile, a lounge owned by the parties, and her personal effects. Mr. Bloom was awarded only his personal effects and was ordered to pay the remaining balance of $3,173.86 on the automobile awarded Mrs. Bloom, as well as $559.11 in community debts. Thus, Mrs. Bloom was awarded practically all of the tangible community property. At the time the divorce was granted, Dwight Bloom had served eighteen and one–half years in the military and was still on active duty. Although the decree did not specifically dispose of the retirement benefits, the decree did state that "[a]ny items or property not specifically set forth hereinabove, shall be and the same is hereby awarded as the separate property and estate of the party in whose *name* or possession such item or property may be." (Emphasis ours.)

In the present case, the trial court found in findings of fact and conclusions of law that Mrs. Bloom knew that she had asserted a claim in her petition for divorce for a partition of her husband's military retirement benefits. The court further found that the military retirement benefits were an item in the name of Dwight M. Bloom at the time of the divorce decree. The court also found that the parties and their attorneys had discussed the military retirement benefits, and that Mrs. Bloom knew of the final agreement as to the benefits and was satisfied with the same. These findings are not challenged by Mrs. Bloom on the ground that they are not supported by the evidence, and thus we must accept them as true. In its conclusions of law, the trial court concluded that the divorce decree entered on June 2, 1972, disposed of Mrs. Bloom's interest in the military retirement benefits, and that the divorce decree was res judicata of Mrs. Bloom's cause of action for partition of her husband's military retirement benefits.

In her first point of error, Mrs. Bloom asserts that the trial court erred in concluding, as a matter of law, that the divorce decree entered on June 2, 1972, disposed of Mr. Bloom's military retirement benefits. In points six and seven, she complains that the trial court erred in concluding, as a matter of law, that the divorce decree was res judicata of her cause of action for partition of the military retirement benefits. We will address these points first as we consider them to be dispositive of the appeal.

◼ Contrary to Mrs. Bloom's contention, we are of the opinion that the prior divorce decree adjudicated ownership of the retirement benefits. In the findings of fact, the trial court found that the military retirement benefits constituted an item of property which was in the name of Dwight M. Bloom on June 2, 1972, the date of the divorce decree. Mrs. Bloom does not challenge this finding as being without support in the evidence, and therefore the finding is binding on this court. In the previous divorce judgment, the court decreed that "[a]ny items or property not specifically set forth hereinabove, shall be and the same is hereby awarded as the separate property and estate of the party in whose name or possession such item or property might be." Inasmuch as the unchallenged findings of fact conclusively establish that the property interest in the retirement benefits was in the name of Dwight M. Bloom, and the divorce decree awarded any item of property not specifically mentioned therein to the party in whose name it stood, we hold that the divorce judgment adjudicated ownership of the retirement benefits.

The courts of this state have repeatedly held that the doctrine of res judicata applies where

> a question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action.

*Hammonds v. Holmes*, 559 S.W.2d 345, 346 (Tex.1977); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971); *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 198 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n. r. e.); Steakley and Howell, Jr., *Ruminations on Res Judicata*, 28 Sw.L.J. 355 (1974).

In the present case, Mrs. Bloom's petition for divorce clearly shows that she sought a division of her husband's military retirement benefits. Her petition concluded with a prayer that she be awarded "such interest from the retirement benefits built up by Respondent [Mr. Bloom] in the United States Air Force in accordance with the time that she has been married to Respondent . . . ." As heretofore noted, the trial court found that the benefits had been discussed by the parties, and Mrs. Bloom had agreed to the settlement made. The divorce decree had the effect of awarding the military retirement benefits to Mr. Bloom as his separate property. Thus, we have a situation where in the previous divorce suit, Mrs. Bloom sought the retirement benefits but was denied such benefits in the final judgment. Now she again seeks an adjudication of the same issue. Clearly, the issue of ownership of the retirement benefits was conclusively settled by the final decree in the divorce suit. Consequently, we hold that the same issue cannot again be litigated in the present suit between the same parties.

Mrs. Bloom contends that she should not be barred from seeking a partition of the retirement benefits in the present suit because at the time of the divorce decree in 1972, the existing case law was such that the courts had no jurisdiction or power to divide nonvested military retirement benefits. Thus, she argues that since the law was such that the trial court was not authorized to divide the benefits, the previous divorce decree should not now be held to bar the present suit by the doctrine of res judicata. We do not agree.

At the time that the divorce decree was entered, the cases were clear that matured and vested retirement benefits could be divided between the parties at the time of divorce. *Busby v. Busby*, 457 S.W.2d 551, 553–54 (Tex.1970); *Herring v. Blakeley*, 385 S.W.2d 843, 845–46 (Tex.1965). As to nonvested military retirement benefits, however, the cases were conflicting. Several cases implied that unless military retirement benefits had vested, they were not subject to division by a divorce court. *Busby v. Busby, supra, discussed in Nail v. Nail*, 486 S.W.2d 761, 764 (Tex.1972); *Herring v. Blakeley, supra; Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.–San Antonio 1968, writ dism'd). In the case of *Miser v. Miser*, 475 S.W.2d 597 (Tex.Civ.App.–Dallas 1971, writ dism'd), the court held that where the retirement benefits had partially vested at the time of divorce, the wife was entitled to her share of the community interest in the benefits. In that case the court found that since the husband had served approximately eighteen and one–half years in the air force and was scheduled to retire within another year and one half, the benefits were partially vested and subject to division.

The question of whether the courts were authorized to divide nonvested retirement benefits in a dissolution suit did not reach the supreme court of this state until 1976. In the case of *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976), the court approved the *Miser* case and reiterated the rule that retirement benefits, whether vested or not, represented a property interest, and to the extent that such benefits were derived from employment during coveture, they constituted a community asset subject to division

upon divorce. Thus, by approving the 1971 holding in *Miser*, the court held, in effect, that the courts possessed the power to divide nonvested retirement benefits all along, even though some courts have held to the contrary. *See also Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). We hold that the trial court in the instant case had jurisdiction and power to divide the retirement benefits and did so, and therefore the trial court correctly ruled that the doctrine of res judicata was applicable and served as a bar to the present suit.

In light of our disposition of these points, we find it unnecessary to discuss the remaining points.

The judgment of the trial court is affirmed.