**Annie Lucille JACOBS, Appellant,**

v.

**Ira Gordon CUDE, Appellee.**

**No. C3002.**

Court of Appeals of Texas, Houston (14th Dist.).

May 27, 1982.

Rehearing Denied June 24, 1982.

Karen Lerner, Lerner & Dunning, Houston, for appellant.

James B. Edwards, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises from a summary judgment entered by the trial court in favor of appellee. We find no error in the judgment below, and we affirm.

Appellant, plaintiff below, filed suit in district court seeking a partition of appellee's retirement benefits. After filing his Original Answer, appellee filed a Motion for Summary Judgment on the pleadings, alleging that appellant's cause of action was barred by res judicata. Appellant responded to the motion with an Answer to Defendant's Motion for Summary Judgment and an Affidavit in Opposition to Motion for Summary Judgment claiming the retirement benefits had not been adjudicated in a previous judicial proceeding. After receiving a report from a Master and supplemental memoranda from both parties, the trial court granted the summary judgment in favor of appellee. Appellant then perfected this appeal.

Appellee based his Motion for Summary Judgment and his claim of res judicata on a divorce decree entered some eleven years earlier. On January 7, 1970, judgment was signed in the Court of Domestic Relations No. 4 of Harris County finalizing the divorce between appellant and appellee and partitioning their property. In addition to the division and partition of certain specified property, the judgment decree provided:

> (4) Defendant, Ira Gordon Cude, will receive all community property not mentioned above.

At no place in the divorce decree is there found a specific reference to appellee's retirement benefits. Appellant therefore maintains she is entitled to her community property share of the retirement benefits since the divorce decree failed to dispose of the same. Appellee, on the other hand, maintains he is entitled to all retirement benefits because this property interest was included in the above quoted residuary clause.

Texas law is clear that retirement benefits are considered as community property divisible upon divorce. If a divorce decree fails to make provision for such retirement benefits, a tenancy in common comes into being for the community property which is subject to a subsequent partition. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Bankston v. Taft*, 612 S.W.2d 216 (Tex.Civ.App.—Beaumont 1980, no writ).

It is also clear, however, that where a divorce judgment is not appealed and appears regular on its face, the judgment will not be subject to a collateral attack in a subsequent suit. *Hardin v. Hardin*, 597 S.W.2d 347, 350 (Tex.1980); *Faglie v. Williams*, 569 S.W.2d 557 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.). A judgment of a domestic relations court, finalizing a divorce and partitioning the property, will represent res judicata to any attempt to relitigate the division of property at a later time. *Day v. Day*, 603 S.W.2d 213 (Tex. 1980); *Faglie v. Williams, supra.*

Therefore, the question before us representing appellant's sole point of error, is whether the trial court erred in granting the summary judgment motion on the basis that the issue of retirement benefits had been previously decided in the 1970 divorce judgment, and that such judgment represented res judicata as to the present cause of action. We find no error in the judgment of the trial court because we hold the retirement benefits were included in the divorce judgment and appellant's present cause of action was correctly barred.

Even though no specific mention was made of the retirement benefits in the final judgment, item (4) of that judgment provided that appellee would receive "all community property not mentioned above." The retirement benefits, being community property, are included by inference in that item. By its very nature, a residuary clause encompasses those things not specified in the decree but included in the community property under the jurisdiction of the court. Otherwise, a party to an earlier judgment would be able to collaterally "chip away" at the ownership status of property already adjudicated by a court, and the entire purpose of the residuary clause would be destroyed.

The recent case of *Bloom v. Bloom*, 604 S.W.2d 393 (Tex.Civ.App.—Tyler 1980, no writ), cited in both briefs, is similar to the facts of the case. *Bloom* involved a divorce decree which did not specifically mention the husband's retirement benefits in the partition of the property interests. The decree instead contained a residuary clause which held:

> [a]ny items or property not specifically set forth hereinabove, shall be and the same is hereby awarded as the separate property and estate of the party in whose name or possession such item or property may be.

*Id.* at 394. The Tyler Court held that because of this residuary clause, the prior divorce decree adjudicated ownership of the retirement benefits.

> Inasmuch as the unchallenged findings of fact conclusively establish that the property interest in the retirement benefits was in the name of Dwight M. Bloom, and the divorce decree awarded any item of property not specifically mentioned therein to the party in whose name it stood, we hold that the divorce judgment adjudicated ownership of the retirement benefits.

*Id.* The court further held that since the matter had been previously adjudicated, res judicata barred the relitigation of the issue. Under the authority of this case, we agree. The complained of retirement benefits in the instant case were included in the residuary clause, and appellant's attempt to relitigate this issue here is barred by res judicata.

Appellant asserts *Bloom* is distinguishable from the instant case because the appellant in *Bloom* admitted the benefits had been discussed and considered by the divorce court. Appellant here makes no such admission and swears through her affidavit the retirement benefits of appellee were not adjudicated in the earlier court proceeding. She proposes a rule that a residuary clause which awards property that has never been discussed or litigated does not act as a bar to the later partition of those assets. Where there is no mention in the record to show an adjudication of the benefits, appellant asserts, the property will remain that of the community held as a tenancy in common. *Bankston v. Taft*, 612 S.W.2d 216 (Tex.Civ.App.—Beaumont 1980, no writ).

We decline to accept appellant's proposed rule. Her proposal would negate the purpose behind all residuary clauses and open the door to continued relitigation of every item covered by such clauses but not specified in the final judgments. The purpose of the finality of judgments is to avoid collateral attacks on judgments unless they appear void. *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex. 1973). If a judgment is regular on its face and does not reveal a lack of jurisdiction of the court to enter the same, it must be presumed valid. *Allen v. Bolton*, 416 S.W.2d 906 (Tex.Civ.App.—Corpus Christi 1967, no writ).

In addition, while the court in *Bloom* did consider the fact that the retirement benefits had been discussed, we do not see that fact as crucial in the court's decision holding the claim was barred by res judicata. The fact that the residuary clause to a valid judgment clearly included such property is the critical determining factor in *Bloom* and the case at bar. *Bankston v. Taft, supra*, is also distinguishable in that there was no indication of a residuary clause as exists in the instant case.

Before closing, a procedural issue raised by appellant must be addressed. Appellant argues through her point of error that appellee failed to adequately support his motion for summary judgment under Rule 166–A, Tex.R.Civ.P., and that the trial court erred in granting the motion. Appellant claims appellee obtained his summary judgment solely on the pleadings without adequate proof attached to the motion or by a supporting affidavit. Since pleadings do not constitute summary judgment proof, argues appellant, the granting of the motion was in error. *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540 (Tex.1970).

■ While appellant quotes the correct rule of law, a close reading of *Hidalgo* reveals some exceptions to this general rule. Footnote one, found on page 543 of the opinion, states that pleadings may support a motion for summary judgment when a plaintiff's petition fails to state a legal claim or cause of action. "In such cases summary judgment does not rest on proof supplied by pleadings, sworn or unsworn, but on deficiencies in the opposing pleading." *Id.; See:* Hittner, *Summary Judgments in Texas* 1981 Annual Survey, 21 S.Tex.L.J. 1, 3–4 (1980). The Supreme Court has interpreted *Hidalgo* to mean that it is improper to grant a summary judgment on the deficient pleading's failure to state a cause of action when the deficiency can be attacked through a special exception. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974). If, however, the pleading deficiency is of the type that cannot be cured by an amendment, a special exception is unnecessary and a summary judgment based on the pleadings failure to state a legal claim is in order. *Hines v. Bankers Life & Casualty Co.,* 572 S.W.2d 804, 806 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

■ Because appellant's claim failed to state a legal claim or a cause of action, it represented a collateral attack barred by res judicata. Since this deficiency could not be amended to state a legal cause of action, summary judgment on the pleadings was in order. *Hidalgo, supra; Hines, supra.*

Judgment affirmed.