Roger Philip BRANNON, Appellant,

v.

Connie RANDMAA, Appellee.

No. 3–86–079–CV.

Court of Appeals of Texas,
Austin.

Aug. 12, 1987.

Rehearing Denied Sept. 30, 1987.

William R. Travis, Salmanson, Smith, Deitch & Travis, Austin, for appellant.

James E. Farris, Janice L. Green, Farris & Green, Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Roger Philip Brannon, appellant, seeks to set aside the judgment of the district court of Williamson County which partitioned appellant's military retirement benefits. Appellee is Connie Randmaa, appellant's former wife. This Court will affirm the judgment.

The parties married on July 4, 1964 and were divorced on December 16, 1977. Appellant joined the United States Air Force on September 30, 1964 and retired on September 30, 1984.

The 1977 divorce judgment recited that the parties had entered into an agreement for the division of their community property which agreement was approved by the district court and incorporated by reference into the judgment. The parties' agreement made no specific mention of appellant's retirement benefits. The agreement provided *inter alia:*

> The parties have, prior to the execution of this agreement, divided their real, and personal property with the exception of that listed below, and the parties hereby affirm that said division was just and equitable and in the best interest of the parties.
>
> The parties own, as community property, the following property:

The listed property consisted of stocks and savings bonds.

Appellee claimed, and the district court agreed, that because the 1977 divorce judg-

ment did not dispose of the retirement benefits, the court was empowered to partition those benefits. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977).

By his third point of error, appellant maintains that the district court erred by ordering partition of the military retirement benefits because the 1977 divorce judgment had the effect of dividing *all* of the property and was therefore *res judicata* as to any subsequent partition suit. Appellant claims that the above quoted language constitutes "a specific determination made by the [divorce] court ... that the parties had, prior to the execution of the written agreement, divided their real and personal property," with certain specified exceptions, and that appellee's effort to partition was but an impermissible collateral attack on a valid judgment. For purposes of point of error three, the validity of the judgment of partition hinges upon whether the 1977 divorce judgment did, indeed, dispose of the military retirement benefits.

Appellant argues that the language of the parties' agreement stating that they "divided their real and personal property" signified that prior to rendition of the 1977 judgment, they had disposed of the retirement benefits in his favor. As authority, appellant relies upon *Jacobs v. Cude*, 641 S.W.2d 258 (Tex.App.1982, writ ref'd n.r.e.). The facts in *Jacobs* are distinguishable from those in this appeal. The appellee in *Jacobs* relied on a decree specifically awarding him "all community property not mentioned above." *Id.* at 260. The court in *Jacobs* concluded that "[t]he fact that a *residuary* clause to a valid judgment *clearly* included such property is the critical determining factor" precluding partition. *Id.* (Emphasis supplied). In this appeal there is no "residuary" clause in the judgment. The language relied on by appellant does not purport to dispose of any property inadvertently left undivided, nor does the language "clearly include" military retirement benefits.

Perhaps the most noticeable ambiguity in the clause under consideration is its failure to award any property to either party. In

*Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.1973, no writ), the court concluded that

> In the absence of a 'catch all' or residuary clause in the agreement *specifically providing for the disposition of property* not specifically described therein it could not reasonably be argued that such undisclosed property would be awarded to one party or to the other.

*Id.* at 208. (Emphasis supplied).

Should we conclude that the necessary implication of the quoted clause is that the property *possessed* by each party was awarded as a result of their agreed division, nonetheless, appellant could not prevail. A residuary clause expressly awarding all undivided property to the spouse "in possession" does not divide retirement benefits which come into possession only in the future. *Yeo v. Yeo*, 581 S.W.2d 734 (Tex. Civ.App.1979, writ ref'd n.r.e.); *Thibodeaux v. Thibodeaux*, 546 S.W.2d 662 (Tex. Civ.App.1977, no writ); *Dessomes v. Dessomes*, 505 S.W.2d 673 (Tex.Civ.App.1973, writ ref'd n.r.e.).

The language relied on by appellant is broad and ambiguous. In such circumstances, the district court properly admitted parol evidence to establish the parties' intent. *Miller v. Miller*, 700 S.W.2d 941, 951 (Tex.App.1985, writ ref'd n.r.e.). Appellee testified that she had not discussed military retirement benefits with appellant at the time of divorce. Although appellant testified to the contrary, the district court chose to rely upon appellee's parol proof as to the parties' intent. Accordingly, the district court's determination as to the parties' intent is supported both by the terms of the property agreement and appellee's parol evidence. The point of error is overruled.

By points of error one and two, appellant attacks the judgment of partition claiming a violation of the separation of powers doctrine of the Constitution of the United States and an unconstitutional impairment of his vested rights. Before undertaking an analysis of appellant's constitutional argument, we must again recount the troubled history of the power of the divorce court to divide military retirement benefits.

By 1976, it was clear that military retirement benefits were subject to division as vested community property rights although the present right had not fully matured. *Cearley v. Cearley,* 544 S.W.2d 661 (Tex. 1976). In 1981, however, the Supreme Court of the United States held that the supremacy clause of the Constitution of the United States precluded state courts from dividing military retirement benefits on divorce. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In response to *McCarty,* the Congress enacted the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C.A. § 1408(c)(1) (1983) which provided:

> Subject to the limitations of this section, a court may treat retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.*

(Emphasis supplied).

The effect of this legislation was to "reverse" the effect of *McCarty. Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982). Accordingly, by reason of the USFSPA, the state courts were vested with the power to treat the division of military retirement benefits in accordance with state law. As a result, in suits for partition of military retirement benefits not disposed of by divorce judgments rendered before *McCarty,* the USFSPA permits the state courts to partition the benefits. *See Powell v. Powell,* 703 S.W.2d 434 (Tex.App.1985, no writ); *Jackson v. Green,* 700 S.W.2d 620 (Tex. App.1985, no writ); *Trahan v. Trahan,* 682 S.W.2d 332 (Tex.App.1984, writ ref'd n.r.e.); *see also* Schwartz and McClure, *Federal Retirement Benefits;* State Bar, Advanced Family Law Course (1986) (USFSPA returned law to its status prior to McCarty; therefore "the law of Texas is now as it was prior to *McCarty,* and military retirement benefits can once again be partitioned under *Taggart v. Taggart* ...").

■ Appellant suggests that application of the USFSPA to allow the district court to partition military retirement benefits permits an unlawful retroactive revision by Congress of the law in 1977, as declared by *McCarty.* As argued by appellant, this retroactive revision of the Supreme Court's declaration of the law violates the separation of powers doctrine embodied in the Constitution. Accordingly, appellant insists that the USFSPA, as applied to the facts in this appeal, is unconstitutional.

A detailed analysis of appellant's argument is as follows: During the years before his divorce, appellant was incrementally "earning" his retirement benefits by serving in the Air Force. At the time of divorce in 1977, all of the retirement benefits he had earned were his "separate property" under the framework of the federal military retirement statute. The retirement benefits were appellant's separate property by virtue of the opinion in *McCarty,* handed down in 1981, which determined that military retirement benefits were a "personal entitlement" of the serviceman under the federal statute. Appellant's "rights" in the retirement benefits, as above described, vested at the time of divorce. Absent any community interest in the benefits, the benefits could not be subject to a subsequent partition. Once appellant's rights in the retirement benefits vested in 1977, Congress could not retroactively change the law through passage of the USFSPA in 1983 so that benefits declared to be separate property up to 1981 by the Supreme Court in *McCarty* could become community property subject to partition for retirement "pay periods beginning after June 25, 1981...." 10 U.S.C.A. § 1408(c)(1) (1983).

Accordingly, appellant insists that the district court's application of the USFSPA:

> (a) violated the separation of powers principle because the statute, in effect, overrules retroactively the past construction of the retirement statute declared in *McCarty. See* 16 C.J.S. *Constitutional Law* § 116 (1984) ("Since the determination of the true state and meaning of the law is not a legislative function, the legislature cannot declare what the law was in the past.");

(b) involved the unconstitutional retroactive application of a law so as to destroy existing or vested rights.

In support of his argument of a constitutional limitation on the retroactive application of statutes, appellant relies upon several opinions by the Supreme Court of the United States holding that once one establishes a right pursuant to a judicial interpretation of a statute, the legislature is barred by the separation of powers doctrine from retroactively setting aside that interpretation by changing the statute. This rule has been applied when the individual right was established by a specific judgment, *State of Pennsylvania v. Wheeling & Bellmont Bridge Co.*, 59 U.S. (18 How.) 421, 15 L.Ed. 435 (1855) and (as is claimed in this appeal) when the right is established by a judicial opinion declaring a rule of law to be applied generally. *Ogden v. Blackledge*, 6 U.S. (2 Cranch) 272, 2 L.Ed. 276 (1802); *Koshkonong v. Burton*, 104 U.S. (14 Otto) 668, 26 L.Ed. 886 (1881).[1]

Appellant stands primarily upon *State of Pennsylvania v. Wheeling & Bellmont Bridge Co., supra.* In *Wheeling*, the Supreme Court of the United States had concluded in a prior opinion that a bridge across the Ohio River was an obstruction to navigation. The Court granted the plaintiff an injunction commanding that the bridge be raised or removed. Thereafter, Congress passed legislation declaring lawful the maintenance of the bridge at its original elevation. In its analysis, the Supreme Court recognized that to the extent that private rights vest by virtue of a prior judgment, they may not be retroactively abrogated by act of Congress. *See also Cerro Metal Products v. Marshall*, 467 F.Supp. 869 (E.D.Pa.1979).

Assuming arguendo the validity of appellant's premise, appellant, nevertheless, cannot prevail in this appeal. This is so because appellant never acquired a vested, permanent right to sole enjoyment of his retirement benefits before Congress enacted the USFSPA. It is true that the effect of the opinion in *McCarty* was to delcare the benefits to be solely appellant's, but the Supreme Court just as certainly could not vest in appellant *for all time* the uninterrupted right to those benefits.

"Pensions, compensation allowances and privileges are gratuities. They involve no agreement of parties; and the grant of them creates no vested right. The benefits conferred by gratuities may be *redistributed or withdrawn* at any time in the discretion of Congress." *Lynch v. United States*, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434 (1934) (Emphasis supplied). Although military retirement benefits have been distinguished from pensions in that they are *earned* during active service, they, too, are subject to the will of Congress, and the grant of such benefits imparts no vested rights. *Goodley v. United States*, 441 F.2d 1175 (Ct.Claims 1971); *Abbot v. United States*, 287 F.2d 573 (Ct.Claims), *cert. denied*, 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed.2d 130 (1961).

When Congress passed the USFSPA, it was exercising its plenary power to deal with pension benefits. Although the USFSPA allowed a division of military retirement benefits not permitted under the prior military retirement scheme, the USFSPA could not destroy any vested right accruing to appellant under federal law. The only claimed basis in federal law for a right to the retirement benefits comes from the retirement statute as interpreted by the Supreme Court in *McCarty*. Under law, the retirement statute does not confer a vested right because retirement benefits

---

1. The precedential value of appellant's authorities has been eroded. *Ogden v. Blackledge, supra,* involved a *state* legislature retroactively changing a judicial declaration of state law, yet, the United States Supreme Court held that the separation of powers doctrine was violated. After *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), such circumstances would not present a federal question. *Koshkonong* is an opinion in which state law was retroactively changed after the plaintiff had acquired contractual rights *vis-a-vis* the state by virtue of a particular statute. Therefore, although *Koshkonong* states the rule advocated by appellant (relying on *Ogden* ), it is not a separation of powers case, but instead involves an impairment of contracts. It is plain that any "right" that appellant may have in his retirement benefits was not established pursuant to a contract.

are entirely subject to the changing will of Congress.

By passage of the USFSPA, Congress did not retroactively alter appellant's established rights as declared by the Court in *McCarty;* instead, it was lawfully exercising its plenary power to presently modify the privileges and duties conferred by the statutory military retirement benefit scheme. As such, the separation of powers doctrine was not violated, nor was the USFSPA retroactively applied in violation of the Constitution.

The judgment is affirmed.