Wilson TARKINGTON, Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

No. 16182.

Court of Civil Appeals of Texas

Fort Worth.

Dec. 9, 1960.

Rehearing Denied Jan. 6, 1961.

Fritz & Vinson, and John R. Bryant, Dallas, for appellant.

W. B. Handley, Dallas, for appellee.

MASSEY, Chief Justice.

Continental Casualty Company, hereinafter termed Company, issued a Hospital and Nurse Expense Policy to Wilson Tarkington, hereinafter termed appellant. Between dates of October 9, 1955, and November 3, 1955, while confined to hospitals on account of sickness, he incurred expenses alleged to have been covered by the policy. According to appellant's allegations, he gave notice to the Company of such expenses, made claim therefor, and filed proofs of loss under the provisions of the policy, but liability was denied. After a little longer than four years' time after the last date of the aforesaid hospital confinement and on date of November 9, 1959, appellant brought suit against the Company. The policy of insurance was plead and attached as an exhibit to the petition for relief.

The Company moved for summary judgment, setting up the following provisions copied from the policy: "Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

Appellant did not amend his pleadings. He answered the motion for summary judgment by filing numerous exceptions thereto, coupled with a general denial of the allegations of the motion.

Upon hearing, summary judgment was entered for the Company and that appellant take nothing. From this judgment an appeal was taken to this court.

Judgment affirmed.

Appellant contends that the trial court erred in not sustaining exceptions filed to the Company's motion for summary judgment. The record does not show that they were ever presented to the trial court or that the court took any action thereon. Under these circumstances the exceptions must be considered to have been waived. Texas Rules of Civil Procedure, rule 90.

Appellant, referring to 4 McDonald, Texas Civil Practice, p. p. supp., p. 41, "Judgments", sec. 17.26.3, "Summary Judgments (II) Reply to Motion", points out that author's comment that where a Motion for Summary Judgment is directed solely to pleadings, it is closely analogous to a special exception. Thereupon appellant founds an argument that a special exception should point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality or other insufficiency in the allegations in the pleadings, in accord with the provisions of T.R.C.P. 91. It is believed appellant overlooks the fact that pursuant to the provisions of T.R.C.P. 93, subd. (m), that when the Company did not plead notice and proof of loss or claim for damage had not been given as alleged by

appellant the legal presumption obtained that appellant did give notice and proof of loss of his claim within 91 days after November 3, 1955. Said date was the last day of the period of hospitalization during which the expenses were incurred for which the Company was contended to have been liable under the provisions of appellant's policy of insurance. See 2 McDonald, Texas Civil Practice, p. 668, "Pleading: Answer", sec. 7.32, "Pleas in Bar. B. Special Denials. (II) Verified. (g) Notice and Proof of Loss".

It is observable, therefore, that for the purpose of the Company's Motion for Summary Judgment it was confessed that appellant had given notice and proof of loss, as alleged by him, in proper time and on or before February 3, 1956,—by reason of which (under the provisions of the policy) appellant became entitled to file suit against the Company, because of nonpayment of the amount it was obligated to pay, after the expiration of 60 days from February 3, 1956, with the right to file suit continuing up to February 3, 1959. However, appellant's suit was not filed until date of November 9, 1959, a date after the day he contracted with the Company, under the provisions of the policy contract, would be the latest date upon which he could file suit. Said day was calculable under the provisions of the policy. The contract is none the less binding because calculation is necessary.

The pleadings of the appellant fixed the period during which expenses were incurred by him, for which he claimed the Company was liable. Said pleadings, coupled with the policy contract sued upon, established the time within which the appellant was privileged to sue upon such claim. Our 1955–56–57–58–59 calendars show that such time passed without suit having been filed. On the face of such pleadings, the Company was entitled to a summary judgment in view of the provisions of T.R.C.P. 166–A. The Company moved for such and the trial court correctly rendered summary judgment.

It is true that appellant might have amended his pleadings before time for the hearing and changed his allegations so as to allege facts which would extend the time within which he was privileged, under policy provisions, to give proof of loss. Thereby he might have extended the period within which he would be privileged to file a suit on the policy so as to include November 9, 1959 (when suit was filed). However, it was not incumbent upon the Company to so frame its Motion for Summary Judgment as to point out the existence of such possibility. Neither is appellant afforded cause for complaint because thereof. A litigant, plaintiff, or defendant, is entitled to go to trial upon the case made by the pleadings of his adversary. Certainly this is true of a defendant who announces ready upon a case wholly made by the averments of a plaintiff's petition.

Judgment is affirmed.