**William C. PROCTOR, Appellant,**

v.

**SOUTHLAND LIFE INSURANCE COMPANY, Appellee.**

No. 17598.

Court of Civil Appeals of Texas, Fort Worth.

April 11, 1975.

Rehearing Denied May 9, 1975.

Joe E. Shaddock, Wichita Falls, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and Elmer H. Parish, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit was by William C. Proctor, plaintiff, against Southland Life Insurance Company, defendant, for insurance policy benefits in the form of an amount representing the accrued sum owing because of amounts per week prescribed by the policy to be payable in the event of total disability.

The defendant company moved for summary judgment, which was granted. The plaintiff appealed.

Reversed and remanded for trial.

In a summary judgment we resolve all doubts against the company, as the moving party. This includes instances where there is conflict in the evidence. We do this in our statement of the case.

Since 1960 the plaintiff had, among several other policies of insurance with Southland Life Insurance Company, that upon which he relies in this case, to-wit: No. AC 37831, dated September 1, 1960, containing in the Schedule of Coverages "Weekly Indemnity for Total Disability . . . $100.00."

The Benefit Provision immediately following reads, "Section 1. Weekly Indemnity—Total Disability: If such injuries shall, within twenty days after the date of accident, result directly and independently of all other causes in total disability which shall continuously prevent the insured from performing each and every duty pertaining to his occupation, the Company will pay weekly indemnity at the rate hereinbefore specified in the Schedule of Coverages for the period of such continuous total disability, but for not exceeding fifty-two consecutive weeks. After the payment of weekly indemnity for fifty-two weeks as aforesaid, the Company will continue the payment of weekly indemnity at the same rate thereafter so long as the insured shall be totally disabled and continuously prevented by such injuries from engaging in any occupation or employment for wage or profit."

By the rules applicable in construction and interpretation of insurance contracts we view the foregoing in a liberal construction in favor of the insured plaintiff and by strict construction against the company insurer.

The plaintiff sustained on July 28, 1969 injuries which from that moment occasioned the "total disability" specified by the policy language, both as applied to the initial fifty-two weeks period, and also as applied to the entire period subsequent thereto up until date of the judgment on April 18, 1974.

Unless, under the policy of insurance, there is some provision which prevents it, or frees the company of obligation to make payment of the calculable amount of $100.-00 times the number of weeks elapsed between July 28, 1969 and April 18, 1974, such amount is owed to plaintiff.

Substantially tracking the requirements provided by Texas' Insurance Code, V.A.T.S., Subchapter G, "Accident and Sickness Insurance", Art. 3.70–3, "Accident and Sickness Policy Provisions", there was policy provision as follows: "Notice of Claim: Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the Insured or the beneficiary to the Company at Dallas, Texas, or to any authorized agent of the Company, with information sufficient to identify the Insured, shall be deemed notice to the Company."

Under rules applicable to summary judgments, motion for which is made by a de-

fendant, the record in this case shows a failure on the part of the movant company to exhibit that neither plaintiff, nor someone in his behalf, gave the required notice. For our purposes notice is proved. Questions of fact exist which might be material upon a trial of the merits, but such are of no importance to these summary judgment proceedings. ·

Further substantially tracking the requirements of Art. 3.70–3 of the Insurance Code, the following paragraphs were likewise inserted in the policy:

"Claim Forms: The Company, upon receipt of a notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within fifteen days after the giving of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made."

"Proofs of Loss: Written proof of loss must be furnished to the Company at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim *if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible* and in no event, *except in the absence of legal capacity*, later than one year from the time proof is otherwise required." (Emphasis supplied.)

"Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements

of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

█ By what we have written, hereinabove, there was satisfaction of the requirement for notice. The company did not furnish any of its forms for preparation of proof of loss. Therefore plaintiff was free to use any form of proof of loss. This he did not do, but much later and on or about June 20, 1973 he obtained the forms customarily used by the company and by their use filed his proof of loss. Of course, by policy provisions which we have copied, plaintiff's right to file suit was prohibited until December 20, 1973, except upon the company's waiver of the provisions by its denial of all liability under the policy. There was such waiver, for the company did deny. liability thereunder before July 19, 1973, date suit was filed.

█ The question is raised on the appeal: "Since the date suit was filed was some eleven and one-half months beyond a period of three years subsequent to the date of the injury (and the first week of disability for which the policy provided liability for payment of benefits) was all or any portion of plaintiff's cause of action foreclosed by the policy limitation of three years?" Our answer to the question is in the negative, or "No". The period of disability should, by liberal policy construction in favor of the insured and by strict policy construction against the insurance company, be treated as a single unit in time covering the period from date of injury on July 28, 1969, until suit was filed on July 19, 1973. That would be correct because the summary judgment proof showed a single continuous period of total disability as defined in the policy contract.

It is in instances where there is a "termination of some period for which the insurer is allegedly liable where the provision for proof of loss within ninety days thereafter might become consequential.

Examples are to be observed in the cases where there is a termination of hospitalization and where the policy involved provides for the payments of benefits due to hospitalization. In these the requirement has been held to be that the proof of loss must be filed within ninety days from discharge of the hospital under analogous policy language. By hypothesis, if hospitalization never ceased there would be no "termination" date by which there would be requirement for proof of loss to be filed.

The same would apply to plaintiff's disability; he would be free after the first week of disability to set a "termination" date by filing proof of loss pursuant to a claim for policy benefits for such first week, or first few weeks, but the "termination" date would never be set until he acted in filing proof of loss. Proof fixes only the time for payment, but disability arising pursuant to policy provision creates the obligation to pay. The latter is a continuing obligation activated by the filing of proof so as to set a measurable period determinative of the obligation pursuant to the demand.

In view of that hereinabove considered it would not be essential that we consider the question of plaintiff's "excuse" for delay in filing proof of loss, for by our view there was no delay. If there was, however, plaintiff's evidence—in the nature of that presented under a plea of confession and avoidance—would nevertheless have found support by evidence foreclosing right of the company to summary judgment. The proof was by the establishment of plaintiff's mental infirmity. The brain damage shown to have occurred on July 28, 1969, was supported by medical evidence by way of deposition of a physician. Supporting the plea of "excuse", based upon plaintiff's condition was affidavit of attorney Joe E. Shaddock. Therein Shaddock stated that by reason of the plaintiff's mental disorder due to brain damage there was inability of the plaintiff to file a proof of loss any sooner than was actually done.

There exists a question relative to the efficacy of the Shaddock affidavit for it is not therein shown that it was made on personal knowledge or that affiant was competent to testify. Nevertheless the deficiency constitutes what has been termed "purely formal" defects. These an opposite party must be considered to have waived when he does not object in the trial court. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 234 (Tex.Sup., 1962); Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex.Sup., 1972). For summary judgment purposes Mr. Shaddock's affidavit supports existence of a fact issue on "excuse".

We take occasion to comment upon certain contentions made by plaintiff as result of his having left the policy, among others, with the insurance agent who sold them to him. Under our view the plaintiff, having declared upon the policy contract, may not support any contention of excuse by reason thereof. The law commits him as one who with the other contractual party had that meeting of the minds essential to the formation of the very contract upon which he declares. Of such terms and provisions he cannot claim ignorance. This would not affect his ability to rely upon the mental lapse or incompetence due to the brain condition whereby he failed to remember that to which he had agreed at the time he entered into the contract relation.

The company showed testimony and admissions by plaintiff contradicted by further testimony by plaintiff. There were both averments, or admissions, and denials relative to the same issuable facts, some in the single instrument of plaintiff's deposition. This circumstance is of no aid to the company on summary judgment. Even on a trial of the merits where testimony of the same witness raises and supports a de-

terminative issue of fact but further testimony denies the existence thereof or removes support earlier supplied by him, none of it may be disregarded as legally improper or insufficient. Thereby is presented matter for the trier of fact which cannot be resolved by any other.

Judgment is reversed with the cause remanded for trial.