Wayne **HINES**, Appellant,

v.

**BANKERS LIFE AND CASUALTY COMPANY, Appellee.**

**No. 1935.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1978.

Michael Y. Saunders, Rodney V. Steinburg, Helm, Pletcher, Hogan & Burrow, Houston, for appellant.

Michael Phillips, C. A. Livingston, Jr., Boswell, O'Toole, Davis & Pickering, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

Appellant brings this appeal from a summary judgment rendered against him in a suit on an insurance policy.

Wayne Hines (appellant) obtained an income indemnity insurance policy from Banker's Life and Casualty Company (appellee) on January 25, 1973. Under the policy appellee was to pay specific amounts upon proof of appellant's disability. On June 1, 1973, appellant was injured, and, claiming to be totally disabled, filed for indemnity under the policy. The appellee refused to pay the claim. Thereafter, on July 2, 1977, appellant filed suit, alleging total and continuous disability since the accident and further alleging that all conditions precedent to institution of the action had been performed.

Appellee, in addition to a general denial, alleged that the contractual limitations to institution of the suit had run. Appellee also asserted that the policy was void or voidable ab initio due to appellant's alleged material misrepresentations of past medical history. Appellee later filed a motion for summary judgment contending that there were no genuine issues of material fact with respect to the two defenses set out in the original answer.

Initially we note that summary judgment is a harsh remedy that will not be upheld unless the record establishes the movant's right thereto as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589 (Tex.Sup.1975). Tex.R.Civ.P. 166–A. The appellee in this case faced a particularly heavy burden because, rather than attacking some element of appellant's case, appellee sought a summary judgment on the defenses set out in its answer. When a party moves for summary judgment on the basis of its affirmative defenses, it must conclusively prove all elements of the defenses. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.Sup.1972).

Furthermore, appellee chose not to present any summary judgment evidence in the form of either affidavits, depositions, exhibits or other items specified by Rule 166–A. When the movant declines to submit such summary judgment evidence, the motion is treated much like a special exception to the other party's pleadings. 4 McDonald, Texas Civil Practice-Judgments, § 17.26.8(i) (1971). In effect, the contention of the movant is that its defenses are shown on the face of the other party's pleadings, as in *Tarkington v. Continental Casualty Company,* 341 S.W.2d 490 (Tex.Civ.App.-Fort Worth 1960, writ ref'd n. r. e.). In *Tarkington,* the insurance policy attached to the plaintiff's petition was held to show

that the contractual period of limitations had run.

■ Turning to appellee's grounds for summary judgment, we find first that the insurance policy does not reflect as a matter of law that there were no genuine issues of fact as to whether the contractual limitations had run. The policy provisions in question are as follows:

PROOFS OF LOSS: Written proof of loss must be furnished to the Company at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which the Company is liable and in case of claim for any other loss within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than 1 year from the time proof is otherwise required.

LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss *is required to be furnished.* (Emphasis added).

Similar provisions were recently construed in *Proctor v. Southland Life Insurance Company,* 522 S.W.2d 261 (Tex.Civ.App.-Fort Worth 1975, writ ref'd n. r. e.). The *Proctor* Court stated that the insured, claiming continuous disability, could, after a length of time, file proof of loss and set a "termination" date from which the limitations would run against benefits accrued during that certain length of time. However, there would be no "termination" date until proof of loss was filed. We agree with the court's analysis of the policy provisions in *Proctor* and we conclude that the

contractual limitations provisions cannot be deemed as a matter of law to have run against all of appellant's claim. Only that part of appellant's claim for which he filed proof of loss more than three years prior to institution of this suit would be barred. In the case at bar, the three year limitations period would not begin to run until after the proof of loss was "required to be filed." Proof of loss would not be "required to be filed" until the termination of the company's liability had occurred. Appellee failed to supply any summary judgment evidence and we therefore have no basis upon which to determine whether any of the policy provisions should be given effect. While it is true that appellant, in an abandoned pleading, "admitted" to filing a proof of loss after the accident, that admission provides no conclusive proof or judicial admission concerning when proof of loss was "required to be filed."

■ Pleadings themselves do not constitute summary judgment evidence, nor should a summary judgment be based on a pleading deficiency that could be cured by amendment. *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540 (Tex.Sup. 1971); *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.Sup.1974). We hold that appellee failed in his burden of showing that there were no genuine issues of fact as to whether limitations had run against appellant's claim.

■ Appellee's second ground in its motion for summary judgment was that as a matter of law the insurance policy was void or voidable ab initio due to appellant's alleged material misrepresentations. Due to appellee's failure to produce any summary judgment evidence, this contention must be supported, if at all, from the face of appellant's trial pleadings. Finding no such support, we rule that appellee failed to carry its burden of showing no genuine issue of material fact.

Discerning no other basis upon which to affirm the trial court's action in granting summary judgment, we reverse and remand for trial.

Reversed and remanded.