Leo BARRERA, Jr., Appellant,

v.

MBANK BRENHAM, N.A., Appellee.

No. A14–85–721–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1986.

Rehearing Denied Oct. 2, 1986.

John V. Elick, Bellville, for appellant.

William Betts, Jr., Brenham, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a partial summary judgment and judgment non obstante veredicto entered in favor of appellee, MBANK Brenham (MBANK). The underlying cause of action concerned a suit on a promissory note by plaintiff/appellee MBANK, and a counterclaim by appellant/defendant Barrera for wrongful dishonor of a check by MBANK. A partial motion for summary judgment was granted to MBANK on the issue of liability on appellant's counterclaim for wrongful dishonor. Furthermore, after a jury trial on the remaining

issues in the underlying suit, a judgment non obstante veredicto was entered in favor of MBANK on its claim for attorney's fees. In two points of error, appellant complains that the trial court erred: (1) in granting partial summary judgment as to his counterclaim, as genuine issues of material fact exist on the issue of wrongful dishonor; and (2) in rendering judgment non obstante veredicto for attorney's fees because of MBANK's failure to obtain favorable jury findings to support such a judgment. We affirm in part and reverse and remand in part.

Although appellant fragments his first point of error into several "pivotal" issues, our review necessarily addresses the sole point of error properly before us: whether the trial court erred in granting summary judgment on the grounds that genuine issues of material fact exist as to whether or not his check was wrongfully dishonored by MBANK. In order to address this contention, we will review the facts surrounding the acceleration of the note, the offset of funds in his account, and the dishonor of one of his checks by MBANK when presented for payment.

On October 8, 1982, appellant executed and delivered a promissory note to appellee MBANK, in which appellant promised to pay the principal sum of $4,728.42. The note provided for twenty-four consecutive payments in monthly installments of $239.74 each. The first installment payment was due and payable on November 1, 1982, and on the first of each month thereafter until duly paid on October 1, 1984. The loan was secured by a Chevrolet truck which was purchased with the proceeds from the note. It was alleged by MBANK that no payments were made on the note as of April 1, 1983, or at any time thereafter.

Appellee's original petition alleged a default on the note as of April 1, 1983, and an acceleration of the note on *August 9, 1983*. This acceleration allegation in the original petition incorporates by reference a demand letter attached as Exhibit B. That letter is dated *August 9, 1983*, and it states that the note was accelerated on *June 16,*

*1983*. Moreover, appellee's first original amended petition alleges an acceleration date of *June 6, 1983*, and its second original amended petition alleges that acceleration occurred on *June 7, 1983*. Appellee's motion for summary judgment alleges a June 7, 1983, acceleration date. In granting appellee's motion for summary judgment, the court found that the note was properly accelerated by MBANK on June 7, 1983.

The above allegations as to the date on which acceleration occurred are important to this appeal because on June 7, 1983, a check drawn on appellant's account was received by MBANK for. payment. Payment was refused, however, for reason of insufficient funds, such insufficiency occurring because of the acceleration and offset of appellant's account. MBANK responds that under banking procedures the check was not "properly payable" until June 8, because of its receipt past the 2:00 p.m. banking deadline. In keeping with its ultimate allegation that appellant's account was offset on June 7, MBANK responds that payment was properly refused on his check.

As can be discerned from that stated above, the crucial issue for purposes of this appeal is whether or not appellant's account was properly offset before his check was properly payable. In that regard appellant argues that the summary judgment on his counterclaim was improper because the date discrepencies in MBANK's pleadings raise a fact issue on that matter. For the reasons stated below we agree.

At the outset we note that a movant is not entitled to a summary judgment where there exists a material issue of fact. TEX. R.CIV.P. 166–A. The burden of establishing the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Furthermore, the rule governing summary judgments is not intended to deprive a litigant of a full hearing on the merits when there exists an issue of fact. *Gulbenkian v. Penn,* 151

Tex. 412, 252 S.W.2d 929, 931 (Tex.1952). Recognizing that a summary judgment is a harsh remedy, trial courts must deny a motion for summary judgment unless the movant clearly establishes a right thereto as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975); *Hine v. Bankers Life & Casualty Co.,* 572 S.W.2d 804, 805 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

■ As a general rule, a substituted or amended instrument takes the place of the original. TEX.R.CIV.P. 65. Although not conclusively binding as are judicial admissions, abandoned pleadings may contain properly admissible ordinary admissions. *See, e.g., McCormick v. Stowe Lumber Co.,* 356 S.W.2d 450, 459 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). Such admissions are admissible under the rule providing summary judgment procedure. TEX.R. CIV.P. 166–A. Furthermore, admissions of this nature may be used for impeachment purposes. *See, e.g., Valadez v. Barrera,* 647 S.W.2d 377 (Tex.App.—San Antonio 1983, no writ).

■ In order to support a cause of action for wrongful dishonor, a plaintiff must allege and prove that there were sufficient funds to pay the check on deposit in the defendant bank at the time when the check was presented. *See, e.g., Gustason v. Northeast National Bank,* 486 S.W.2d 596, 598 (Tex.Civ.App.—Fort Worth 1972, no writ). MBANK, as a defendant-movant for summary judgment, had the burden of showing as a matter of law that no material issue of fact exists as to plaintiff's cause of action. *See, e.g., Griffin v. Rowden,* 654 S.W.2d 435 (Tex.1983). This can be done, as MBANK asserts, by showing that at least one of the elements of plaintiff's cause of action has been established conclusively against the plaintiff. *See, e.g., Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 108 (Tex.1984). Thus in the instant case, a cause of action for wrongful dishonor centers on one basic issue: whether or not appellant's account contained sufficient funds to pay the check when presented.

Thus MBANK's burden on motion for summary judgment was to prove that, as a matter of law, there were insufficient funds in appellant's account at the time the check was dishonored. This burden required a conclusive showing that acceleration and offset of appellant's account occurred *before* his check was properly payable.

■ We are of the opinion that appellant's response to MBANK's motion for summary judgment adequately raised the issue of the discrepancies in the acceleration dates as alleged in MBANK's abandoned pleadings. Thus we are of the opinion that appellant's response adequately raised and set forth an issue that would defeat MBANK's entitlement to summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979); *see also Gustason v. Northeast National Bank,* 486 S.W.2d 596 (Tex.Civ.App.—Fort Worth 1972, no writ) (wherein a summary judgment in favor of appellee bank on a suit for wrongful dishonor was reversed, with the court holding that although appellee bank had the right to accelerate a note and offset the account in question, the summary judgment proof did not establish when such offset was accomplished in regard to when the dishonored checks were presented for payment). We find that appellant's response raised a fact issue as to the timing of MBANK's acceleration and offset, and the consequent propriety of MBANK's dishonor of his check. In view of the foregoing, we sustain appellant's first point of error.

In his second point of error, appellant complains that the trial court erred in entering judgment non obstante veredicto on the issue of attorney's fees in the underlying suit on the note. Appellee was awarded $1,743.28 as unpaid principal and interest on its suit on the promissory note. Furthermore, the jury found that appellee MBANK was entitled to $4,725.00 for trial court fees, but answered "$ –0–" in response to the special issue on appellate court attorney's fees. MBANK filed a motion for judgment non obstante veredicto as to the appellate fees, which motion was

granted by the court. The court found that the undisputed and uncontroverted evidence showed that MBANK was entitled to the sums it requested for appellate attorney's fees and that an instructed verdict as to fees would have been proper.

■ We find it unnecessary to discuss appellant's complaint in this point of error, for appellant has filed no statement of facts to support his contentions. Because of appellant's failure to provide a statement of facts, every presumption of evidence adduced at trial must be indulged in favor of and in support of the trial court's findings and judgment. *See, e.g., Estate of Arrington v. Fields*, 578 S.W.2d 173, 181 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r. e.); TEX.R.CIV.P. 386. Appellant's second point of error is overruled.

We sustain appellant's first point of error. We may reverse and remand a "clearly separable" portion of a case if we can do so without unfairness to the parties. TEX. R.CIV.P. 434. We find no unfairness will be caused. We thus reverse the portion of the judgment granting summary judgment against appellant's counterclaim and sever and remand that portion of the judgment for a trial on the merits. In all other respects the judgment is affirmed.