**MBANK BRENHAM, N.A., Petitioner,**

v.

**Leo BARRERA, Jr., Respondent.**

**No. C–5903.**

Supreme Court of Texas.

Dec. 17, 1986.
Rehearing Denied Jan. 28, 1987.

Wm. H. Betts, Betts & Kruse, Brenham, for petitioner.

John V. Elick, Elick & Elick, Bellville, for respondent.

PER CURIAM.

In this promissory note suit brought by MBank, Leo Barrera counterclaimed that the bank had wrongfully dishonored his check due to insufficient funds. Barrera asserted that the bank had prematurely accelerated his note and had offset his account, thus creating the insufficiency. MBank was granted partial summary judgment on the issue of liability for wrongful dishonor. Following a jury trial on the remaining issues, the trial court rendered judgment for MBank.

The court of appeals, pointing to the discrepancy in dates contained in the various MBank pleadings, held that a genuine issue of material fact existed as to whether Barrera's account was properly offset before his check was properly payable. The court of appeals reversed the trial court judgment. 718 S.W.2d 763 (1986). The court of appeals reasoned that MBank's abandoned trial pleadings constituted an "ordinary admission" and were properly before the trial court even though Barrera neither presented nor filed such pleadings as summary judgment proof. A majority of this court disagrees and therefore we reverse the judgment of the court of appeals.

Leo Barrera executed and delivered a promissory note to MBank on October 8, 1982. The note provided for 24 consecutive installment payments. The first payment was due on November 1, 1982, and on the first of each month thereafter until duly paid on October 1, 1984. No payments were made on the note as of April 1, 1983.

MBank's original petition alleged a default on the note as of April 1, 1983, and an acceleration of the note on August 9, 1983. The original petition incorporated by reference a demand letter attached as Exhibit B, which was a letter dated August 9, 1983, and which stated that the note was accelerated on June 16, 1983. MBank's first amended original petition alleged an acceleration date of June 6, 1983, and its second amended original petition alleged that acceleration occurred on June 7, 1983. MBank's motion for summary judgment on the issue of liability for wrongful dishonor alleged a June 7, 1983 acceleration date and was accompanied by proper summary judgment proof.

The allegations as to the date on which acceleration occurred are important because on June 7, 1983, a check drawn on Barrera's account was received by MBank for payment. Due to the acceleration and offset of Barrera's account, payment was refused for reason of insufficient funds. MBank contends that under banking procedures, the check was not "properly pay-

able" until June 8, because of its receipt past the 2 p.m. banking deadline. Barrera filed a response to the motion for summary judgment alleging a material fact issue existed as to the date of acceleration.

In agreeing with Barrera, the court of appeals is in conflict with the holding of this court in *Drake Ins. Co. v. King,* 606 S.W.2d 812, 817 (Tex.1980), in which we stated:

> The original petition ... was thus superceded by the amended petitions and no longer constituted a pleading in the case. Rule 65, Tex.R.Civ.P. Having been superceded, it was no longer a judicial admission, but must be introduced into evidence as any other admission before it may be considered as evidence. *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726 (1941); 1A R. Ray, Texas Law of Evidence § 1146 (Texas Practice 3rd ed. 1980).

Barrera's response to the motion for summary judgment asserting a discrepancy in dates, presumably based on MBank's abandoned pleadings, was defective unless copies of the abandoned pleadings were attached with supporting affidavits or other authentication as required by Tex.R. Civ.P. 166–A. *See State v. Easley,* 404 S.W.2d 296 (Tex.1966); *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (Tex.1961).

MBank's motion for partial summary judgment was accompanied by the sworn affidavits of two bank officers, both of whom testified that Barrera had been contacted on June 2, 1983 and informed that if his note was not brought current by 2 o'clock on June 7, 1983, the bank would accelerate the maturity of the note and declare the entire balance due thereon. Since Barrera never filed the former pleadings of MBank with the court as summary judgment proof, no evidence existed which conflicted with MBank's summary judgment proof and MBank was entitled to its partial summary judgment.

Pursuant to Tex.R.App.P. 133(b), we grant MBank's application for writ of error, and, without hearing oral argument, reverse the judgment of the court of appeals. The judgment of the trial court is affirmed.