**Jacquelyn S. CORTEZ, Appellant,**

v.

**Charles O. FUSELIER, D.P.M. and Glen Feeback, D.P.M., Appellees.**

**No. 06-93-00042-CV.**

Court of Appeals of Texas, Texarkana.

May 6, 1994.

Rehearing Overruled June 1, 1994.

Rehearing Overruled June 7, 1994.

Mark Lesher, Texarkana, for appellant.

Jeffery C. Lewis, Atchley, Russell, Waldrop, Hlavinka, William C. Gooding, Gooding & Dodson, Texarkana, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Jacquelyn Cortez appeals from a summary judgment in favor of Charles O. Fuselier, D.P.M. and Glen Feeback, D.P.M., in a medical malpractice case. Cortez alleged that the two doctors were negligent while surgically removing a bunion from her foot.

In a sole point of error, Cortez contends that the trial court erred in granting the motions for summary judgment because there was ample evidence in the record to raise a fact issue on each and every element of her negligence cause of action.

Dr. Fuselier and Dr. Feeback each submitted summary judgment evidence consisting of their personal affidavits and medical records related to the surgical procedures performed. Both doctors moved for summary judgment on the grounds that the summary judgment evidence conclusively negates two necessary elements of Cortez's cause of action: breach of duty and proximate causation. Cortez's controverting evidence consisted of an affidavit by Dr. Gary Chandler, D.P.M.

■ In reviewing this summary judgment, we must use the following standards:

1. The issue on this appeal is whether the movants established, as a matter of law, their respective entitlement to the summary judgment by conclusively proving that no genuine issue of material fact existed as to one or more elements of the cause of action. Tex. R.Civ.P. 166a; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

2. In deciding whether there is a disputed material fact issue precluding the summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his or her favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985).

We have permitted the filing of Dr. Chandler's deposition for reasons set forth in our order. We are withdrawing our opinion that was issued upon the basis of an incomplete record whereby we were required to presume that an omitted deposition supported the trial court's granting of a summary judgment.

■ Dr. Fuselier and Dr. Feeback contend that Dr. Chandler has not demonstrated that he is qualified as an expert pursuant to Tex.Rev.Civ.Stat.Ann. art. 4590i, § 14.01 (Vernon Supp.1994). This attack is made on the basis that Dr. Chandler was not shown to be practicing medicine at the time such testimony was given or at the time the claim arose. In Dr. Chandler's deposition, he testified that he was, at the time of the taking of the deposition, a member of the Kimbro Medical Association of Cleburne, Texas, as an associated physician, that he, at that time, was on the staff of Walls Regional Hospital and Huguley Hospital in Tarrant County, Texas, that he had been practicing podiatry in the State of Texas for seven years. This sufficiently complies with Article 4590i, § 14.01.

■ The affidavits submitted by Dr. Fuselier and Dr. Feeback stated that the respective doctor was familiar with the standard of care required for treatment of Cortez's condition (bunion), stated the standard of care, detailed the procedure followed, and stated that they had met the standard of care.

Cortez responded with an affidavit from Dr. Chandler, who stated that it was his opinion Dr. Fuselier and Dr. Feeback failed to check the surgical correction by loading the forefoot at the time of the procedure and that such failure allowed complications to occur to Cortez's foot. Dr. Chandler further stated in his affidavit that failure to check by foreloading was below the standard of care for podiatrists in Texarkana and led to a surgical overcorrection that was a cause of all of Cortez's injuries after the surgery performed by Dr. Fuselier and Dr. Feeback. Dr. Chandler's affidavit stated in part:

> It is my opinion that, at the time of the first surgery, the removal of the fibular sesamoid, along with a tight medial capsular closure and not checking the correction by loading the forefoot at the time of the procedure, allowed for potential complication of the hallux varus deformity which

resulted in the instability of the first MP joint. There was no mention at the time of the operative report that the forefoot was loaded and checked for overcorrection. The removal of the fibular sesamoid and excision of a 4-mm wedge of tissue from the medial capsule, along with the capsulorrhaphy, would have mandated that overcorrection be checked for at the time of the procedure. This would be, in my opinion, below the standard of care for podiatrists in Texarkana, U.S.A. and led to a hallux varus overcorrection that was a cause of all of Jacqueline Cortez's injuries after the first surgery.

The foregoing response is sufficient to dispute and put in issue the facts upon which the movants based their request for summary judgment. The movants, however, seek to attack Dr. Chandler's affidavit on the basis that Dr. Chandler stated in his deposition that he could only "speculate based on the op report that two procedures and techniques were not performed." This was Dr. Chandler's admission that he had no personal knowledge of whether or not the foreloading procedure was performed. Dr. Chandler does not purport to be a fact witness on what occurred during the operation. He determines that the procedure was not performed because it was not mentioned in the detailed surgical notes made at the time of the operation. Dr. Chandler testified that based upon his knowledge, training and experience, and the preparation of operation reports, he concluded that the loading procedure was not done because it was not mentioned in the report. He testified in his deposition that significant procedures, as was this procedure, would be put in the report. Dr. Fuselier and Dr. Feeback do not state in their affidavits that the foreloading procedure was followed. Because this is a summary judgment proceeding, we are required to construe all reasonable inferences in favor of the nonmovant.

The thrust of Dr. Fuselier's and Dr. Feeback's challenge is to proximate cause. They correctly point out that Cortez had the burden to establish a causal connection beyond the point of conjecture and beyond proof of mere possibilities. *Citing Upton v. Baylor College of Medicine,* 811 S.W.2d 168 (Tex.App.—Houston [1st Dist.] 1991, writ denied). As the court says in *Kramer v. Lewisville Memorial Hosp.,* 858 S.W.2d 397 (Tex. 1993), under the traditional standard of sufficiency of the evidence for submitting a medical malpractice case to the jury, the plaintiff is required to adduce evidence of a reasonable medical probability or reasonable probability that the injuries were caused by the negligence of one or more defendants.

The traditional standard, however, on causation in terms of sufficient probability is to be made from the substance of the testimony rather than turning on semantics or the use of any particular word or phrase. Darrell L. Keith, *Loss of Chance: A Modern Proportional Approach to Damages in Texas,* 44 BAYLOR L.REV. 803 (1992), *citing Insurance Co. of North America v. Myers,* 411 S.W.2d 710 (Tex.1966); *Harvey v. Stanley,* 803 S.W.2d 721 (Tex.App.—Fort Worth 1990, writ denied). It is true that in places Dr. Chandler's deposition testimony speaks in terms that a hallux varus deformity *could* have been caused by the surgery performed by Dr. Fuselier and Dr. Feeback. The term *could* suggests that there was only a possibility, but then Dr. Chandler immediately follows that testimony with an affirmative response that his opinion is based upon reasonable medical probability. At one point, he testified that he does not know why the condition developed. However, he further testified that his opinion was that the hallux varus condition was brought about by the failure to load the forefoot during the operation by Dr. Cortez and Dr. Fuselier.

The deposition testimony could be described as confusing and weak, and Dr. Fuselier and Dr. Feeback attempt to nullify Dr. Chandler's affidavit on the basis of inconsistencies and contradictions in Dr. Chandler's deposition. Such contradictions do not entitle the defendant to a summary judgment. *Proctor v. Southland Life Ins. Co.,* 522 S.W.2d 261 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). As the Supreme Court said in *Randall v. Dallas Power & Light Co.,* 752 S.W.2d 4, 5 (Tex.1988), there is a well-established rule that a deposition does not have controlling effect over an affidavit in determining whether a motion for summary judg-

ment should be granted, citing *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Dr. Chandler's affidavit does not say that the failure to load "might have led" or "possibly led" to a hallux varus overcorrection, but it specifically says that it "led to a hallux varus overcorrection." This plain language means that it resulted in the injury that occurred, and this absolute language satisfies the probability requirement. If conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented. *Randall,* 752 S.W.2d at 5.

Viewing all the evidence in the light most favorable to the party opposing the summary judgment and resolving all doubts and inferences in her favor, as we are required to do, we find that the court erred in granting the motion for summary judgment.

The judgment is reversed, and the cause is remanded for a trial on the merits.