# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00399-CV

**Charles Bell, Jr., Appellant**

**v.**

**AIC-Sunbelt Group, Inc.; Continental Lloyds of Texas; and Encompass Insurance f/k/a/ CNA Personal Insurance, Appellees**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-03-271651, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Charles Bell, Jr., proceeding pro se, appeals the trial court's order granting appellees AIC-Sunbelt Group, Inc., Continental Lloyds of Texas, and Encompass Insurance f/k/a/ CNA Personal Insurance's no evidence motion for summary judgment. Bell sought damages arising from appellees' handling of a claim he filed under his homeowner's insurance policy. Because Bell produced no evidence raising a genuine issue of material fact in response to appellees' motion, we affirm. *See* Tex. R. Civ. P. 166a(i).

On July 8, 2001, Bell filed a claim for theft and vandalism under his homeowner's insurance policy with Encompass Insurance. Bell alleged that his former fiancée, Regina Jackson, stole numerous items from and vandalized his home between February 2, 2001, and July 6, 2001. During the time of the alleged theft and vandalism, Bell was incarcerated and Jackson was living at his house. In support of his claim, Bell produced several pawn tickets in the names of Jackson and

several of her family members and alleged that the tickets were for his stolen property. After

investigating Bell's claim, Encompass sent a letter to Bell stating:

> During our investigation it was discovered that there were multiple loss dates. We were able to determine 12 actual loss dates. Since you were unavailable to be able to pinpoint which items were taken during each occurrence, we had to divide the total value of the contents by the total number of claims. The damages to the dwelling were determined in a similar manner. Damages to each room was considered a separate occurrence and added together with the content portion of the claim.

Encompass paid Bell approximately $1,243.00 in damages.

On June 27, 2003, Bell sued appellees for "infractions" of his homeowner's insurance policy regarding their handling of his July 2001 claim.[1] He alleged multiple instances of breach of contract and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Appellees filed a no evidence motion for summary judgment in which they specified the elements of each cause of action asserted by Bell and stated that they were entitled to judgment because there was no evidence to support those claims.[2] In response, Bell filed a "Counter-Suit for a Motion for

---

[1] Bell's original petition named the following parties as defendants: AIC-Sunbelt Group, Inc., CNA Personal Insurance, Continental Lloyds of Texas, Encompass Insurance, Encompass Holding, L.L.C., Allstate Insurance, Aaron Meier, Kent A. Kneading, Mark W. Wegener, Ernest A. Lausier, and Joella Leon. However, on Bell's motion, the trial court nonsuited Bell's claims against all of the defendants except for appellees in this cause.

[2] Bell's amended petition alleged the following as "causes of action": (1) breach of contract; (2) insurance misrepresentation; (3) treble damages; (4) knowingly failing to indemnify; (5) punitive damages; (6) consequential damages; (7) failing to adequately investigate insurance claim; (8) unreasonably delaying payment of insurance claim; (9) unreasonably denying an insurance claim; (10) using unreasonable interpretations of policy language; (11) insurance bad faith: unreasonably refusing to reimburse a policyholder for a covered loss; and (12) multiple damages under § 9.062 of the DTPA.

Summary Judgment" alleging that "there exist[s] a disputed question of fact concerning the <u>amount</u> the Plaintiff is entitled from his insurance policy claim." In this motion, Bell requested the county court at law to "order the issue of payment-amount to an evidentiary hearing (mediation hearing) that the Plaintiff and the Defendant may derive at a fair settlement of his claims." A hearing was set on appellees' motion for summary judgment. Shortly before the hearing, Bell filed a document titled "Plaintiff's Notice of Proof of Evidence in Support of The Plaintiff's Counter-Suit For a Motion for Summary Judgment." In this document, Bell requested that the court set a hearing on his "Counter-Suit For a Motion for Summary Judgment" on the same day as the hearing on appellees' no evidence motion for summary judgment and that the court grant summary judgment in his favor "on all causes of action cited by Plaintiff in his counter-suit and most current amended petition."

The trial court held a hearing on appellees' no evidence motion for summary judgment and entered an order granting summary judgment in favor of appellees. The trial court's order stated, "After considering the Motion filed by Defendants, and the responsive documents filed by Plaintiff, Charles Bell, the Court has determined that Plaintiff has had adequate time to conduct discovery in this case, and further that no summary judgment evidence has been submitted by Plaintiff, Charles Bell on one or more essential elements of each cause of action alleged by him and upon which he has the burden of proof at trial." This appeal followed.

---

Appellees' no evidence motion for summary judgment categorized Bell's claims as claims for (1) breach of contract; (2) unfair claim settlement practices in violation of Texas Insurance Code article 21.21, section 4(10)(ii), (iii), and (vii); (3) misrepresentation of insurance policy in violation of Texas Insurance Code article 21.21, section 4(11); and (4) violations of the DTPA.

In his first issue, Bell contends that the trial court "abused its discretion by granting the Appellees' no-evidence motion for Summary Judgment, where clear and convincing evidence existed before the Court, specifically supporting (1) one or more of the essential elements of Appellant's cause for actions." A party may move for summary judgment on the ground that there is "no evidence" of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See id.* We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A no evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

Bell asserts that he produced evidence raising a genuine issue of material fact when he filed the "Counter-Suit for a Motion for Summary Judgment" in response to appellees' no evidence motion for summary judgment. We disagree. Proper summary judgment proof consists of admissions, affidavits, stipulations of parties, authenticated or certified public records, deposition transcripts, and interrogatory answers. *See* Tex. R. Civ. P. 166a(c). Summary judgment proof must be either attached to the summary judgment motion or response. *MBank Brenham v. Barrera*, 721 S.W.2d 840, 842 (Tex. 1986). Although Bell alleged in his "Counter-Suit for a Motion

4

for Summary Judgment" that a genuine issue of material fact existed with respect to the amount Bell was entitled to recover under his insurance policy claim, he did not attach any summary judgment evidence to this document or direct the court to where it could be found in the record. Additionally, although Bell included a cite to the "Damages" section of his original petition in his "Counter-Suit for a Motion for Summary Judgment," pleadings alone, even if sworn, are not summary judgment evidence. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). We conclude that Bell did not produce evidence raising a genuine issue of material fact in his "Counter-Suit for a Motion for Summary Judgment."

Bell also did not produce evidence raising a genuine issue of material fact in his "Notice of Proof of Evidence in Support of The Plaintiff's Counter-Suit For a Motion for Summary Judgment." In this document, Bell alleged that appellees' no evidence motion for summary judgment was a "wrongful attempt to win a Summary Judgment while plaintiff is incarcerated." He further alleged that:

> the Defendants are fully aware of the "clear and convincing" evidence contained in the Defendants' case filed for said insurance claim. As a matter of record Defendants were informed by the Plaintiff during the discovery phase, that Plaintiff would present any and all documents pertaining to the original claim, which are contained in Defendants' insurance files and Plaintiffs' court files as evidence in support of Plaintiff's causes of action. This discovery information is a matter of material fact and a matter of record and can be found in the Court File.

We conclude that Bell's reference to evidence contained in appellees' "insurance files" is not specific enough to raise a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(d) ("Discovery products not on file with the clerk may be used as summary judgment evidence if . . . a notice containing specific references to the discovery or specific references to other instruments, are filed

5

and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs . . . ."). Furthermore, although Bell argues that there is evidence raising fact issues in the "court file," it is not the court's duty to search the record for evidence raising a fact issue. *King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 735 (Tex. App.—Dallas 2006, no pet.). On this record, we conclude that Bell did not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact with respect to his claims against appellees. Accordingly, the trial court properly entered summary judgment in favor of appellees.

In his second issue, Bell asserts that appellees "violated the Tex. Bus. & Comm. Code, § 17.50(a)(4) by employing or using acts which violate article 21.21 of the Texas Insurance Code, or rules and regulations issued by The State Board of Insurance . . . by not attempting in good faith to effectuate prompt, fair and equitable settlements on claims submitted in which liability had become reasonably clear." This argument appears to be a recasting of his claims against appellees in the trial court. However, as discussed above, Bell presented no evidence raising a genuine issue of material fact with respect to his claims against appellees in the trial court, and the trial court properly granted summary judgment in favor of appellees.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   April 17, 2008

6