

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00345-CV

---

TAMMY VACEK, APPELLANT

V.

UNITED RENTALS (NORTH AMERICA), INC., APPELLEE

---

On Appeal from the 155th District Court
Fayette County, Texas
Trial Court No. 2021V-286, Honorable Jeff R. Steinhauser, Presiding

---

June 25, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This appeal arises from a motion for traditional summary judgment granted in a bill of review proceeding. Appellant, Tammy Vacek, challenges the summary judgment rendered against her by the trial court in favor of Appellee United Rentals (North America), Inc. Concluding United Rentals failed to meet its burden for obtaining a summary judgment by traditional motion, we reverse the judgment of the trial court and remand the case for further proceedings.

## Background

In 2019, United sued Champs Sitework Incorporated, alleging unpaid debt in the amount of nearly $75,000. United also sued Vacek as guarantor of that debt. In October 2019, Vacek, proceeding pro se, electronically filed an answer asserting a general denial, and reported the email address tammy@champs-inc.com. In April 2020, United filed a motion for traditional summary judgment on the guaranty against Vacek.[1] The trial court granted United's motion and rendered judgment against Vacek.

In November 2021, after United began post-judgment collection efforts, Vacek petitioned for a bill of review, contending she did not receive notice of (1) submission on United's motion or (2) the adverse judgment against her until the end of March 2021. In June 2023, United moved for summary judgment on traditional grounds.[2] Specifically, the motion purported to "attach" Exhibits A and B, which United contended would prove Vacek had been served via electronic mail with the motion for summary judgment and the motion's hearing date.[3] However, United failed to attach any exhibits.

One week before the court's consideration of United's motion, Vacek filed a response, pointing out that United had failed to attach its exhibits to the motion. Vacek

---

[1] The certificate of service attached to United's motion provided that Vacek was served with a copy of the motion "by e-service or by regular mail and certified mail, return receipt requested . . . ." The record does not reflect whether Vacek was served with notice of submission on the motion or notice of the judgment pursuant to Texas Rule of Civil Procedure 306a.

[2] Unlike a party proceeding on no-evidence grounds, the motion specifically argued, "BECAUSE VACEK RECEIVED NOTICE OF THE MOTION, IT WAS HER FAULT SHE DID NOT PRESENT HER DEFENSES." (all caps in original). This argument necessarily depends on United's ability to prove that Vacek received notice. Our review is limited to the issues expressly presented to the trial court. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

[3] United also argued "in light of" these exhibits it could prove "*someone* opened those communications [thus] there is no conclusion by VACEK's own fault or negligence is the cause of her failure to respond to the underlying motion for summary judgment." (italics added).

alternatively argued that United's alleged proof (that *someone* opened the communications) failed to satisfy the movant's summary judgment burden. United filed a reply the next day, arguing the motion should be granted "in light of Ex. A and B" – but still did not attach any evidence. The district court granted United's motion on August 30, 2023.

**Analysis**

A plaintiff to a bill of review must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, and (3) unmixed with any fault or negligence on their own part. *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam) (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)). United's motion for summary judgment attacked the third element. We agree with Vacek that the trial court's grant of United's traditional motion for summary judgment was in error because United's evidence was inconclusive.

Our review of a trial court's summary judgment is de novo. *City of Richardson v. Oncor Elec. Delivery Co. LLC,* 539 S.W.3d 252, 258 (Tex. 2018) (citing *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003)). When a party moves for summary judgment on traditional grounds, it possesses the burden to "show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (citing TEX. R. CIV. P. 166a(c); *Provident Life*, 128 S.W.3d at 216). We look to the record to determine whether such evidence on file at the time of the hearing establishes that United,

3

as movant, is entitled to judgment as a matter of law. *Lance v. Robinson*, 543 S.W.3d 723, 732 (Tex. 2018); *MBank Brenham, N.A. v. Barrera*, 721 S.W.2d 840, 842 (Tex. 1986). Vacek possesses no burden to respond or present evidence until United establishes its defense with conclusive evidence. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013).

In this bill of review, one of Vacek's alleged reasons for failing to respond to United's 2020 motion for summary judgment (in the collection case) is that she did not receive notice of the "submission" date for responding. In Texas state courts, a non-movant's deadline for responding to a motion for summary judgment depends on the trial court's announced date of hearing or submission. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) ("The hearing date determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due."). United sought to rebut Vacek's allegation by presenting evidence, purportedly attached as exhibits A and B, to prove she had, in fact, received notice. However, United failed to attach the exhibits; it did not supplement the evidence even after Vacek called the problem to United's attention. Moreover, the entirety of the record before this Court contains no other document from which the trial court could conclude that Vacek possessed notice of the court's submission date.

Moreover, even if such exhibits say what United purports them to say, we would hold that the trial court's grant of summary judgment was in error. The precise argument advanced by United – that "someone" opened an email addressed to Vacek – does not conclusively show that *Vacek* had notice of the hearing. Our standards for summary judgment review require that when we review the evidence we "indulg[e] every

4

reasonable inference and resolv[e] any doubts in the nonmovant's favor." *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023). We conclude United failed to conclusively show that Vacek's failure to respond to the 2020 summary judgment was due to her own fault or negligence. Vacek's second issue is sustained.

It is unnecessary to address Vacek's remaining issues on appeal. For example, her first issue – pertaining to the propriety of the collection judgment – is not before this Court, nor was her fourth issue requesting sanctions for actions alleged to have occurred in the trial court.[4] TEX. R. APP. P. 33.1(a). Vacek's third issue is unnecessary in light of our disposition of her second. TEX. R. APP. P. 47.1.

**Conclusion**

Having sustained Vacek's second issue, we reverse the trial court's summary judgment and remand the case for further proceedings.

Lawrence M. Doss
Justice

---

[4] Vacek's fourth issue complains about United's allegedly "groundless actions in the Original Suit and its groundless activities in the bill of review proceeding requiring this appeal[.]"